# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2022

Lyle W. Cayce
Clerk

No. 22-20114
Summary Calendar

George Jemison,

*Plaintiff—Appellant*,

*versus*

Illinois Department of Health and Family Services;
The Illinois Secretary of State; Comptroller State of
Illinois; Advocate Health Care; Pepsi Company; G4S
Secure Solutions USA; Contemporary Services
Corporation; 2020 Companies; J.P. Morgan Chase Bank,
NA,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-2099

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Plaintiff-Appellant George Jemison, proceeding *pro se*, appeals the district court's judgment dismissing his complaint against nine defendants wherein he alleges twenty-three statutory, constitutional, and common law causes of action. Jemison named the following defendants in his complaint: (1) the Illinois Department of Healthcare and Family Services, (2) Illinois Secretary of State, (3) Comptroller State of Illinois, (collectively the "Illinois State Defendants"), (4) Advocate Health Care, (5) Pepsi Company, (6) G4S Secure Solutions USA, (7) Contemporary Services Corp., (8) 2020 Companies, (collectively, the "Employer Defendants"), and (9) J.P. Morgan Chase Bank, N.A.. Jemison's claims against these defendants all arise from his overdue child support payments.

In his operative complaint, Jemison alleges that the Illinois State Defendants erroneously enforced a child support order against him through income withholdings, a lien on his bank account, and the suspension of his Illinois driver's license. Additionally, Jemison asserts that the Employer Defendants engaged in "invalid income withholding," and that his bank, JPMorgan Chase, improperly froze his account after receiving a notice of lien from the Illinois Department of Healthcare and Family Services.

We have carefully reviewed the Report and Recommendation issued by the Magistrate Judge, and adopted by the district court, dismissing Jemison's complaint. The court properly found that plaintiff failed to allege any contacts between the Illinois State Defendants and Texas that would support a theory of personal jurisdiction over the Illinois State Defendants. Similarly, Jemison failed to allege any contacts between Texas and one of his former employers, Advocate Health Care, that would permit the court to exercise personal jurisdiction over the defendant. Accordingly, the district court properly dismissed Jemison's claims against these defendants for lack of personal jurisdiction. The district court additionally dismissed Jemison's claims for improper garnishment of assets against the remaining Employer

No. 22-20114

Defendants and JPMorgan Chase for failure to state a claim upon which relief can be granted, and relatedly, for failure to identify which claims were alleged against which defendants.[1]   On de novo review, we reach the same conclusion, and find that the district court correctly held that plaintiff failed to state a plausible claim against these defendants.

Jemison additionally appeals the district court's denial of his motion for leave to amend his complaint.  The district court denied Jemison leave to amend on the grounds that any amendment would be futile.  We agree.  The district court previously gave plaintiff a chance to file an amended complaint, and we do not find that it abused its discretion in denying plaintiff another chance to amend, particularly given that Jemison failed to indicate how he would cure the deficiencies of his previous complaints.[2]

Accordingly, we AFFIRM for the reasons given by the district court.

---

[1] Plaintiff's complaint states that "counts one (1) through nineteen (19) are suspected to apply to all Defendant(s)" but that it "is impossible to know what specific acts were conducted [by which defendants] without full discovery."

[2] *See ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 362 (5th Cir. 2002) (finding the district court did not abuse its discretion in denying plaintiffs leave to amend the complaint after the "court [previously] offered Plaintiffs a chance to replead"); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion in the district court's decision denying plaintiffs leave to amend their complaint because "the plaintiffs did not demonstrate to the court how they would replead [their claim] more specifically if given the opportunity, . . . and did not suggest in their responsive pleading any additional facts not initially pled that could, if necessary, cure the pleading deficiencies raised by the defendants").